**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THERESA FENNELL,

                Plaintiff,

                                                      Case No. 3:12-cv-1320-J-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## **OPINION AND ORDER**[1]

### **I. Status**

Theresa Fennell ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her alleged inability to work is based upon back pain and bilateral nerve damage in her hands. Transcript of Administrative Proceedings (Doc. No. 9; "Tr."), filed February 13, 2013, at 107, 196. On February 25, 2010, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of September 9, 2008. Tr. at 163-64, 167-70. Plaintiff's claims were denied initially, Tr. at 96-97, 99-100, and were denied upon reconsideration, Tr. at 108-09, 110-11. On July 21, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified. Tr. at 32-79. Plaintiff was represented by an attorney at her hearing. Tr. at 34-35. At the time of the hearing, Plaintiff was forty-two (42) years old. Tr. at 36.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed February 22, 2013; Reference Order (Doc. No. 12), entered February 27, 2013.

The ALJ issued an unfavorable Decision on August 23, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 17-27. On October 19, 2012, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff then commenced this action on December 3, 2012 under 42 U.S.C. § 405(g) and § 1383(c)(3) by filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal. Memorandum in Support of Complaint (Doc. No. 15; "Pl.'s Mem."), filed May 6, 2013. The first issue is whether "the ALJ erred by improperly discounting the impact of . . . Plaintiff's pain and knee difficulties in the hypotheticals that were given to the [VE]." Pl.'s Mem. at 5 (capitalization and emphasis omitted). The second issue is whether "the ALJ improperly used a credibility analysis to circumvent a proper evaluation of the medical records." Id. at 8. On July 1, 2013, Defendant filed a memorandum addressing the issues raised by Plaintiff. See Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem."). After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

-2-

as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where his inquiry ceased based on his finding regarding Plaintiff's ability to return to her past relevant work. See Tr. at 19-27. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 9, 2008, the alleged onset date." Tr. at 19 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: history of spinal fusion surgery with residual back pain and complaints of bilateral knee pain." Tr. at 19 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 20 (emphasis and citation omitted). The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform the full range of light work as defined in 20 CFR [§] 404.1567(b) and [§] 416.967(b). [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and/or walk, with normal breaks, for about six hours each in an eight-hour workday. [Plaintiff] can occasionally perform all postural activities such as balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can never climb ladders, ropes, and scaffolds. [Plaintiff] must avoid exposure to unprotected heights but she can occasionally tolerate exposure to other hazards. The undersigned takes

> administrative notice that [Plaintiff's] limitations for avoidance of ladders, ropes, and scaffolds and unprotected heights do[] not significantly limit [Plaintiff's] occupational base for the full range of work at the light level of exertion.

Tr. at 20 (emphasis omitted).

At step four, the ALJ found Plaintiff "is capable of performing past relevant work as a housekeeper/cleaner, casing cleaner (meat curer), and cashier II." Tr. at 26 (emphasis and citations omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from September 9, 2008, through the date of th[e D]ecision." Tr. at 27 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v.

Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises two issues on appeal.  Each is addressed in turn.

### A. Plaintiff's Knee Pain

Plaintiff's first issue deals with the hypotheticals posed to the VE.  See Pl.'s Mem. at 5-7.  Plaintiff argues the ALJ failed to account for Plaintiff's bilateral knee pain in the hypotheticals.  See id.  Plaintiff states that "[h]er pain and knee issues will likely impact her ability to stand and walk for extended periods of time."[3]  Id. at 6 (emphasis added).

In formulating an RFC and posing a hypothetical to a VE, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  SSR 96-8P, 1996 WL 374184, at *5; see also 20 C.F.R. § 404.1545(a)(2);

---

[3] In the section of Plaintiff's Memorandum in which she challenges the ALJ's credibility finding, she makes passing reference to her "morbid[] obes[ity]" and asks rhetorically, "[w]ould that condition impact her ability to stand and walk the majority of the day?"  Pl.'s Mem. at 9.  This reference is not addressed substantively due to insufficient development.  Plaintiff was warned in the Court's Scheduling Order that any grounds upon which the ALJ's Decision was being challenged must be identified with particularity.  Scheduling Order (Doc. No. 10), entered February 20, 2013, at 1.  Plaintiff was further warned that any contention for which the particularity requirement is not met is subject to being disregarded for insufficient development.  Id.; see United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (deeming an issue abandoned when there were "only four passing references" to it in a party's brief, and reiterating that claims must "be unambiguously demarcated" to "avoid confusion as to the issues that are in play and those that are not"(citation omitted)).  Moreover, Plaintiff does not cite to any records imposing work-related limitations stemming from Plaintiff's obesity.  See Pl.'s Mem. at 9.  She cites merely to a record showing her height, weight, and body-mass index.  See id. (citing Tr. at 339).

Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)); Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985) (stating that "[w]here a claimant has alleged a multitude of impairments, a claim . . . may lie even though none of the impairments, considered individually, is disabling") (internal quotation and citations omitted). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

At step two, the ALJ found Plaintiff's complaints of bilateral knee pain to be a severe impairment. Tr. at 19. Despite this impairment, the ALJ noted that Plaintiff "was able to lift 20 pounds from the floor to her waist. She demonstrated improved tolerance and endurance in her gait on the treadmill exercise routine[, and her] body mechanics and squat techniques are improved." Tr. at 22 (citing Tr. at 258-60). The ALJ also noted that during a February 4, 2010 examination with Ismail Salahi, D.O.,[4] Plaintiff had a normal gait. Tr. at 23 (citing Tr. at 326). Finally, the ALJ recognized that on January 21, 2010, Dr. Salahi indicated Plaintiff "remains on light duty restrictions." Tr. at 23 (citing Tr. at 324).

Plaintiff, who carries the burden at this step, has not cited to any medical evidence that imposes work-related limitations based on Plaintiff's knee pain, see Pl.'s Mem. at 5-7, and the undersigned has not found any medical opinion or evidence in the record showing

---

[4] The ALJ did not refer to Dr. Salahi by name. See Tr. at 23. By the ALJ's citation, it is clear he was referring to Dr. Salahi.

that Plaintiff has work-related limitations stemming from her knee pain. Plaintiff simply relies on the fact that she has bilateral knee pain, see id.; but, "the mere existence of [an] impairment[] does not reveal the extent to which [it] limit[s] her ability to work or undermine the ALJ's determination in that regard." Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005); McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986) (recognizing that the severity of an impairment "must be measured in terms of its effect upon [a claimant's] ability to work"). Upon review, the undersigned finds the ALJ's RFC assessment is supported by substantial evidence.

### B. Plaintiff's Credibility

Plaintiff argues that the ALJ improperly assessed her credibility. See Pl.'s Mem. at 8-11. "[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

Although "credibility determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the claimant's testimony, Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after

considering a claimant's complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence"). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, the ALJ summarized Plaintiff's testimony, Tr. at 23, before finding that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [according to the ALJ, Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the" the ALJ's RFC assessment, Tr. at 24. The ALJ continued:

> [Plaintiff] is deemed a less than fully credible witness to the extent she has claimed disability. In terms of [Plaintiff's] allegations, the objective medical reports or treating and examining practitioners as well as specific findings made on clinical examinations and evaluations do not support the level of impairment severity alleged by [Plaintiff]. Further diminishing [her] credibility is the fact that [she] received unemployment insurance benefits for a period after her alleged onset date. The receipt of such benefits required [Plaintiff] to hold herself as able to work, which is a significant factor in the credibility analysis.
>
> Plaintiff has poor work history, but this is only one factor taken into account. While [Plaintiff's] poor work history does not weigh in favor of her credibility, it is not dispositive.
>
> The undersigned notes that there is no credible opinion of disability based on the objective medical evidence of record from any of [Plaintiff's] treating, examining, or nonexamining physicians.

Tr. at 24.

The ALJ's reasons are accurate and supported by substantial evidence. Plaintiff specifically takes issue with the ALJ relying on the fact that Plaintiff received unemployment benefits in discounting her credibility. See Pl.'s Mem. at 10-11. The Regulations permit an ALJ to consider "[o]ther factors concerning [a claimant's] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(vii). The ALJ noted that "[t]he receipt of such benefits required [Plaintiff] to hold herself as able to work, which is a significant factor in the credibility analysis." Tr. at 24. It appears that the ALJ recognized this as an inconsistent statement made by Plaintiff – to the Social Security Administration, she claimed she could not work; but to receive unemployment, she claimed she could work, and she was actively seeking employment. The ALJ did not error in considering her receipt of unemployment benefits. See Blaisdell v. Colvin, No. 8:12-cv-01523-T-27AEP, 2013 WL 2285107, at *8 (M.D. Fla. May 23, 2013) (unpublished) (finding it appropriate for an ALJ to "consider a claimant's application for and receipt of unemployment compensation in making a credibility determination" and collecting cases finding the same). Regardless, even setting aside that reason, the remaining reasons stated by the ALJ are still sufficient and supported by substantial evidence. The ALJ's finding will not be disturbed.

Finally, Plaintiff asserts that "the ALJ improperly used a credibility analysis to circumvent a proper evaluation of the medical records." Pl.'s Mem. at 8. Plaintiff contends that the ALJ's "blanket statement that the opinions from the treating physicians have been considered is not sufficient to glean why the opinions of the treating physicians were not

afforded more weight." Id. at 10.  Plaintiff argues that the ALJ had a duty to explain his reasoning for relying on certain evidence while rejecting other evidence.  Id.

In his Decision, the ALJ summarized the medical evidence, Tr. at 22-23, and he stated that he carefully considered that evidence and accounted for it in the RFC, Tr. at 25. The ALJ then stated that he assigned "significant weight" to the RFC assessment of Audrey Goodpasture, M.D.[5] because it is "well supported by the record . . . ." Tr. at 25 (citing Tr. at 439-46).  Upon review, the undersigned finds that Dr. Goodpasture's RFC assessment is consistent with the record, including the opinions of Plaintiff's treating physicians who did not impose any more restrictions than are accounted for in the ALJ's RFC, and it is consistent with the ALJ's RFC assessment.  See Tr. at 439-46; see also Tr. at 303 (continuing Plaintiff on "light duty status"); Tr. at 324 (same).  A review of the record reflects that the ALJ's Decision is supported by substantial evidence.[6]

## V. Conclusion

After a thorough review of the entire record, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision.

---

[5] The ALJ did not refer to Dr. Goodpasture by name.  See Tr. at 25.  By the ALJ's citation, it is clear he was referring to Dr. Goodpasture.

[6] While the ALJ could have provided a more thorough analysis, the ALJ complied with his duties and applied the proper legal standards.  Moreover, Plaintiff failed to carry her burden of proving she is disabled.  See Bowen, 482 U.S. at 146 n.5.

    2.       The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 21, 2014.

 

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record

-11-